IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY FRANKLIN KERLEY, TDCJ #895775, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-3491 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Harry Franklin Kerley (TDCJ #895775), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Kerley has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1), challenging the result of a prison disciplinary proceeding. The respondent has answered with Respondent Stephens's Motion for Summary Judgment with Brief in Support (Docket Entry No. 17), arguing that Kerley is not entitled to the relief that he seeks. The respondent also has provided records of the administrative investigation and disciplinary hearing, including an audio CD of the proceeding. (Docket Entry Nos. 18, 19, 22). Kerley has not filed a reply to the summary judgment motion, and his time to do so has expired.

After reviewing all of the pleadings, the administrative records, and the applicable law, the court will grant the respondent's motion and dismiss this action for the reasons explained below.

## I. Background

Kerley is presently incarcerated as the result of a judgment and sentence entered against him in the 339th Judicial District Court of Harris County, Texas.[1] Kerley was convicted of two counts of delivery of heroin and was sentenced to seventy years' imprisonment.[2] Kerley was later convicted in the 262nd Judicial District Court of Harris County, Texas, of unlawfully possessing a firearm as a felon.[3] Kerley received a ten-year prison term in that case.[4]

Kerley does not challenge any of his underlying convictions. Instead, he challenges the result of a prison disciplinary proceeding lodged against him on August 5, 2014, at the Ellis Unit in Huntsville, Texas, in TDCJ Case No. 20140347143.[5] The administrative record shows that Kerley was charged with violating Code 10.0 of the prison disciplinary rules by committing a felony

---

[1] Commitment Inquiry, Respondent's Exhibit A, Docket Entry No. 22-1.

[2] Id.

[3] Id.

[4] Id.

[5] TDCJ Disciplinary Report and Hearing Record ("Disciplinary Report"), Docket Entry No. 18-2, p. 3.

-2-

in violation of Texas Penal Code § 37.101 by being in possession of "a completed UCC-11 Form."[6] A person commits an offense in violation of § 37.101 if he "knowingly presents for filing or causes to be presented for filing a [UCC] financing statement that the person knows: (1) is forged; (2) contains a material false statement; or (3) is groundless." TEX. PENAL CODE § 37.101(a). Such an offense is a third-degree felony. Id.

A report of the administrative investigation reflects that Kerley was found in possession of a completed UCC-11 form.[7] The form requested a certified copy of a financing statement from the Texas Secretary of State's Office for a business that Kerley reportedly owned under an assumed name.[8] It is against prison rules for TDCJ inmates to operate or establish a business while incarcerated.[9] Kerley was also found in possession of several bank routing numbers and correspondence indicating that he was attempting to secure financing.[10] After consulting with an administrative official, the charging officer concluded that the UCC-11 form in Kerley's possession was fraudulent and determined

---

[6]Id. Kerley was also charged with violating Code 16.0 of the prison disciplinary rules by possessing contraband — "a cleartech typewriter" — that he did not own. Id. Kerley does not challenge his conviction for possession of contraband. Accordingly, the court will not address this charge.

[7]Id. at 4, 12-13.

[8]Id. at 12-13.

[9]Id. at 4.

[10]Id. at 14, 27-29.

that disciplinary charges were warranted for violating Texas Penal Code § 37.101.[11]

At a disciplinary hearing held on August 6, 2014, Kerley did not dispute that he possessed the UCC-11 form, but he denied having any fraudulent intent.[12] After considering the charging officer's testimony, as well as his report and attached documentation, the disciplinary hearing officer found Kerley guilty as charged of the Code 10.0 violation.[13] As punishment, the hearing officer restricted Kerley's recreation and commissary privileges for 45 days and suspended his contact visitation privileges through December 6, 2014.[14] Kerley also forfeited 280 days of previously earned credit for good conduct (i.e., "good-time credit").[15] Kerley filed grievances to challenge his conviction for violating Code 10.0, but his appeals were unsuccessful.[16]

Kerley now seeks a federal writ of habeas corpus to challenge his conviction for violating Code 10.0 of the prison disciplinary rules. Kerley argues that his conviction violates due process because simple possession of a completed UCC-11 form does not

---

[11] Id. at 4-6, 10.

[12] Id. at 3; Audio CD, Docket Entry No. 19.

[13] Disciplinary Report, Docket Entry No. 18-2, p. 3.

[14] Id.

[15] Id.

[16] Step 1 and Step 2 Offender Grievance Forms and Disciplinary Report, Docket Entry No. 18-1, pp. 3-7.

-4-

violate Texas Penal Code § 37.101. Arguing that he did not commit a felony in violation of Code 10.0, Kerley asks the court to overturn his conviction and reinstate his lost good-time credit.

The respondent has presented an Affidavit from Natalie Isaac, who is a Program Supervisor V for the TDCJ Counsel Substitute Program, showing that Kerley's conviction for violating Code 10.0 was overturned on February 5, 2015, and the forfeited good-time credit for that violation was restored.[17] The respondent argues, therefore, that Kerley's petition is now moot.

## II. Discussion

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

---

[17]Respondent's Exhibit B, Docket Entry No. 22-2, p. 2. Kerley's conviction for possession of contraband in violation of Code 16.0, which is not in dispute here, remained intact. The Affidavit states that 250 days of good-time credit was restored. Apparently, the loss of the other 30 days of good-time credit was part of the punishment for the Code 16.0 violation.

The disciplinary conviction challenged by Kerley has been overturned and deleted from his record.[18] Kerley has not disputed that the punishment from which he seeks relief — the loss of good-time credit — has been set aside.[19] To the extent that Kerley seeks federal habeas corpus relief from this conviction and punishment, his petition is moot because there is nothing for this court to remedy. Therefore, the respondent's motion for summary judgment on this issue is granted.

### III. Certificate of Appealability

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C.

---

[18] Respondent's Exhibit B, Docket Entry No. 22-2, p. 2.

[19] Id. Although Kerley also lost privileges as the result of his disciplinary conviction, there is no remedy in habeas corpus for this type of sanction. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (explaining that limitations imposed upon commissary or recreational privileges and a cell restriction or solitary confinement on a temporary basis are "merely changes in the conditions of [an inmate's] confinement").

§ 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For

reasons set forth above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent Stephens's Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 8th day of June, 2015.

```
            SIM LAKE
    UNITED STATES DISTRICT JUDGE
```