United States District Court
Southern District of Texas
**ENTERED**
November 02, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY FRANKLIN KERLEY, <br> TDCJ #895775, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM STEPHENS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-14-3491 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Harry Franklin Kerley (TDCJ #895775), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Kerley has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1), challenging the result of a prison disciplinary proceeding. Now pending is Respondent Stephens's Amended Motion for Summary Judgment with Brief in Support (Docket Entry No. 30). Kerley has filed a response (Docket Entry No. 36). After reviewing the pleadings, the administrative records, and the applicable law, the court will grant the respondent's amended motion and dismiss this action for the reasons explained below.

## I. Background

Kerley is presently incarcerated as the result of a judgment and sentence entered against him in the 339th Judicial District Court of Harris County, Texas.[1] Kerley was convicted of two counts of delivery of heroin and was sentenced to seventy years' imprisonment.[2] Kerley was later convicted in the 262nd Judicial District Court of Harris County, Texas, of unlawfully possessing a firearm as a felon.[3] Kerley received a ten-year prison sentence in that case.[4]

Kerley does not challenge any of his underlying convictions. Instead, he challenges the result of a prison disciplinary proceeding lodged against him on August 5, 2014, at the Ellis Unit in Huntsville, Texas, in TDCJ Case No. 20140347143.[5] The administrative record shows that Kerley was charged with violating Code 16.0 of the prison disciplinary rules by possessing contraband — "a cleartech typewriter" — that he did not own.[6] Kerley was also charged with violating Code 10.0 of the prison disciplinary rules by committing a felony in violation of Texas Penal Code § 37.101 by

---

[1]Commitment Inquiry, Respondent's Exhibit A, Docket Entry No. 30-2, p. 2.

[2]Id.

[3]Id. at 3.

[4]Id.

[5]TDCJ Disciplinary Report and Hearing Record ("Disciplinary Report"), Docket Entry No. 18-2, p. 3.

[6]Id.

being in possession of "a completed UCC-11 Form."[7] A person commits an offense in violation of § 37.101 if he "knowingly presents for filing or causes to be presented for filing a [UCC] financing statement that the person knows: (1) is forged; (2) contains a material false statement; or (3) is groundless." TEX. PENAL CODE § 37.101(a). Such an offense is a third-degree felony. Id.

A report of the administrative investigation reflects that Kerley was found in possession of a typewriter without papers to prove ownership and that he was also found in possession of a completed UCC-11 form.[8] The UCC-11 form requested a certified copy of a financing statement from the Texas Secretary of State's Office for a business that Kerley reportedly owned under an assumed name.[9] It is against prison rules for TDCJ inmates to operate or establish a business while incarcerated.[10] Kerley was also found in possession of several bank routing numbers and correspondence indicating that he was attempting to secure financing.[11] After consulting with an administrative official, the charging officer concluded that the UCC-11 form in Kerley's possession was

---

[7] Id.

[8] Id. at 4, 12-13.

[9] Id. at 12-13.

[10] Id. at 4.

[11] Id. at 14, 27-29.

fraudulent and determined that disciplinary charges were warranted for violating Texas Penal Code § 37.101.[12]

At a disciplinary hearing held on August 6, 2014, Kerley did not dispute that he possessed the typewriter or the UCC-11 form, but he denied having any fraudulent intent.[13] After considering the charging officer's testimony, as well as his report and attached documentation, the disciplinary hearing officer found Kerley guilty as charged of both the Code 10.0 and Code 16.0 violation.[14] As punishment, the hearing officer restricted Kerley's recreation and commissary privileges for 45 days, curtailed his telephone privileges for 30 days, and suspended his contact visitation privileges for four months through December 6, 2014.[15] Kerley also forfeited 280 days of previously earned credit for good conduct (i.e., "good-time credit").[16] Kerley filed grievances to challenge his conviction, but his appeals were unsuccessful.[17]

Kerley now seeks a federal writ of habeas corpus to challenge his conviction for violating Code 10.0 of the prison disciplinary rules. Kerley argues that his conviction violates due process

---

[12]Id. at 4-6, 10.

[13]Id. at 3; Audio CD, Docket Entry No. 19.

[14]Disciplinary Report, Docket Entry No. 18-2, p. 3.

[15]Id.

[16]Id.

[17]Step 1 and Step 2 Offender Grievance Forms and Disciplinary Report, Docket Entry No. 18-1, pp. 3-7.

because simple possession of a completed UCC-11 form does not violate Texas Penal Code § 37.101.[18] Arguing that he did not commit a felony in violation of Code 10.0, Kerley asks the court to overturn his conviction and expunge it from his record.[19] Kerley also asks for a court order directing the respondent to return certain items of personal property that were confiscated in connection with the disciplinary charges against him.[20]

The respondent has presented an Affidavit from Natalie Isaac, who is a Program Supervisor V for the TDCJ Counsel Substitute Program, showing that Kerley's conviction for violating Code 10.0 was overturned and deleted from Kerley's record on February 5, 2015.[21] Kerley's conviction for possession of contraband in violation of Code 16.0 remained intact.[22] The punishment in Case No. 20140347143 was modified to reflect a restriction on Kerley's commissary, recreation and telephone privileges for 45 days, a reduction in classification status from S3 to L1, a 30-day loss of good-time credit, and suspension of contact visits for four months.[23]

---

[18]Petition, Docket Entry No. 1, p. 6.

[19]Id. at 6-7; Petitioner's Memorandum in Support of Habeas Relief, Docket Entry No. 2, pp. 1-2.

[20]Petitioner's Response to Respondent's Motion for Summary Judgment, Docket Entry No. 25, p. 2.

[21]Respondent's Exhibit C, Docket Entry No. 30-4, p. 2.

[22]Id.

[23]Id.

Because his conviction for violating Code 10.0 was overturned and expunged, the respondent argues that Kerley's challenge to his disciplinary conviction for violating Code 10.0 is now moot.[24] The respondent also argues that Kerley's claims about his confiscated property concern the conditions of his confinement and are not actionable in a habeas corpus proceeding.[25]

## II. Discussion

### A. The Petition is Moot as to the Code 10.0 Violation

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

The record confirms that Kerley's disciplinary conviction for violating Code 10.0 has been overturned and deleted from his

---

[24] Respondent Stephens's Amended Motion for Summary Judgment with Brief in Support, Docket No. 30, p. 11.

[25] Id. at 13.

record.[26] To the extent that Kerley seeks federal habeas corpus relief from his conviction and punishment for violating Code 10.0 of the prison disciplinary rules, his petition is moot because there is nothing for this court to remedy. Therefore, the respondent's amended motion for summary judgment on this issue is granted.[27]

B. Claims Concerning Conditions of Confinement

In his response to the motion for summary judgment, Kerley contends that is entitled to relief even though his Code 10.0 conviction has been overturned because items of personal property were wrongfully confiscated as a result of the charges lodged against him in TDCJ Case No. 20140347143.[28] Specifically, Kerley requests a court order directing respondent to return "all legal material, notes, drafts, catalogs, books, stamps, envelopes, and all other items that were confiscated" when he was charged with

---

[26]Respondent's Exhibit C, Docket Entry No. 30-4, p. 2.

[27]The respondent also contends that Kerley cannot demonstrate a due process violation concerning his conviction for violating Code 16.0. See Respondent Stephens's Amended Motion for Summary Judgment With Brief in Support, Docket Entry No. 30, pp. 9-11. Kerley does not contest the validity of his conviction for violating Code 16.0. See Petition, Docket Entry No. 1, pp. 5, 6; see also Petitioner's Memorandum in Support of Habeas Corpus Relief, Docket Entry No. 3, pp. 1-2. Accordingly, the court need not reach these arguments.

[28]Petitioner's Response to Respondent's Motion for Summary Judgment, Docket Entry No. 25, p. 2; Petitioner's Response to Respondent's [Amended] Motion for Summary Judgment, Docket Entry No. 36, pp. 1-3.

violating prison rules in Case No. 20140347143.[29] Arguing that these claims take issue with conditions of confinement and not the result of a prison disciplinary proceeding, the respondent contends that Kerley fails to state a claim for which habeas relief may be granted.[30]

A writ of habeas corpus provides a remedy only for prisoners challenging the "fact or duration" of confinement. Preiser v. Rodriquez, 93 S. Ct. 1827, 1841 (1973). By contrast, an action under 42 U.S.C. § 1983 is the appropriate legal vehicle to attack allegedly unconstitutional conditions of confinement. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). In other words, an action under § 1983 is the appropriate remedy where a prisoner challenges "the rules, customs, and procedures affecting 'conditions' of confinement," and not the "fact or duration of confinement." Cook, 37 F.3d at 168 (quoting Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987)). Where there is a question about the proper vehicle, the Fifth Circuit has adopted a "bright-line rule" for resolving whether a claim is actionable on habeas corpus review or must be raised in a suit under § 1983: "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated

---

[29]Id.

[30]Respondent Stephens's Amended Motion for Summary Judgment with Brief in Support, Docket No. 30, p. 13.

release' . . . the proper vehicle is a § 1983 suit." Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (internal citation omitted).

Kerley's claims regarding the confiscation of his personal property concern conditions of confinement and do not call into question the validity of his prison disciplinary conviction in Case No. 20140347143. As such, relief in his favor would not automatically result in the restoration of time credits or his accelerated release from confinement. Under these circumstances, Kerley's claims concerning the confiscation of his personal property must be brought in a suit under 42 U.S.C. § 1983, and are not actionable on federal habeas corpus review. The respondent's amended motion for summary judgment on this issue will be granted.

### III. Certificate of Appealability

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C.

§ 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For

-10-

reasons set forth above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent Stephens's Amended Motion for Summary Judgment (Docket Entry No. 30) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 2nd day of November, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE